| | |
|---|---|
| Patrick H. Dwyer, SBN 137743<br>**LAW OFFICE OF PATRICK H. DWYER**<br>P.O. Box 1705<br>Penn Valley, CA 95946<br>TEL: 530.432.5407<br>FAX: 530.432.9122<br>pdwyer@pdwyerlaw.com<br>Attorney for Plaintiff CHRISTOPHER HOWIE | Jesse M. Rivera SBN 084259<br>**RIVERA & ASSOCIATES**<br>1425 River Park Drive #250<br>Sacramento, Ca 95815<br>(916) 922-1200<br>(916) 922-1303 fax<br>jesse@jmr-law.net<br>Attorney for Defendant ADAM GRIZZELL |
| **PORTER | SCOTT**<br>A PROFESSIONAL CORPORATION<br>Carl L. Fessenden, SBN 161494<br>350 University Ave., Suite 200<br>Sacramento, California 95825<br>TEL: 916.929.1481<br>FAX: 916.927.3706<br>cfessenden@porterscott.com<br>Attorneys for Defendants NEVADA COUNTY CALIFORNIA, SHERIFF KEITH ROYAL, and DEPUTY JENNIFER McCORMACK | Andrew T. Caulfield SBN 238300<br>**CAULFIELD LAW FIRM**<br>1101 Investment Blvd. #120<br>El Dorado Hills, CA 95762<br>Telephone: (916) 933-3200<br>andrew@caulfieldlawfirm.com<br>Attorney for Defendant JOHN HERERRA |

Jerome M. Varanini, SBN 58531
**LAW OFFICE OF JEROME M. VARANINI**
641 Fulton Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.993.4868
FAX: 916.993.6750
jvaranini@tsvlaw.com
Attorneys for Defendants CORRECTIONAL MEDICAL GROUP, JORDAN DEAN, and LAURIE ADAMS

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| CHRISTOPHER JOSHUA HOWIE,<br><br>    Plaintiff,<br><br>  v.<br><br>NEVADA COUNTY, et al.,<br><br>    Defendants. | Case No. 2:18-CV-03146-JAM-KJN<br><br>**STIPULATED PROTECTIVE ORDER** |

{01983984.DOC}

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

**A.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to, and petition the court to enter, the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited extent such information or items are entitled to confidential treatment under the applicable federal law, including the Health Insurance Portability and Accountability Act ("HIPAA") and the Federal Rules of Civil Procedure. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal. Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**B.     STIPULATION**

The parties hereby stipulate and agree as follows:

**1.     DOCUMENTS**.     The following documents are Protected Materials and shall not be used for any purpose other than this litigation:

  (a)   Medical records and bills relating to plaintiff;
  (b)   Personnel files of any peace officer or medical personnel;
  (c)   Internal Affairs investigation conducted by the Nevada County Sheriff's Department and/or Grass Valley Police Department;
  (d)   Video showing interior of jail;
  (e)   Correctional Medical Group policy manual(s); and
  (f)   If a party wants to designate a document other than what is identified above as confidential under this Protective Order the procedure set forth in Sections D and E shall be followed.

**2.     SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material, but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts,

{01983984.DOC}1

**STIPULATED PROTECTIVE ORDER**

summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel of Record that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through court order, trial, or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

### 3. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until: (1) a Designating Party agrees otherwise in writing; (2) a court order otherwise directs; or (3) there is a complete return or destruction of all Protected Material pursuant to Section 8.  Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### 4. ACCESS TO AND USE OF PROTECTED MATERIAL

4.1 Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 8 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

4.2 Disclosure of "CONFIDENTIAL" Information or Items

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a)    the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)    the court and its personnel;

    (e)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**5.    PROTECTED MATERIAL SUBPOENAED OR ORDERED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels

{01983984.DOC}3

disclosure of any information or items designated in this action as "CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[1]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**6. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

(a) notify in writing the Designating Party of the unauthorized disclosures;

(b) use its best efforts to retrieve all unauthorized copies of the Protected Material;

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

///

---

[1] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

{01983984.DOC}4

**STIPULATED PROTECTIVE ORDER**

(d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 7. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 8. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 3, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION).

///

**9. MISCELLANEOUS**

9.1 Right to Further Relief

Nothing in this Order abridges the right of any person to seek its modification or a change in designation of particular material as "CONFIDENTIAL" by the court in the future.

9.2 Right to Assert Other Objections

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

9.3 Filing Protected Material

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

**C. DEFINITIONS**

1. "Challenging Party" means a Party or Non-Party that challenges the designation of information or items under this Order.

2. "CONFIDENTIAL" means information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

3. "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL".

4. "Disclosure or Discovery Material" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

5. "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party and (3) at the time of retention, is not anticipated to become an employee of a Party.

6. "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

7. "Counsel of Record" means attorneys who have appeared in this action on behalf of that party or are affiliated with a law firm or governmental entity which has appeared on behalf of that party.

8. "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

9. "Producing Party" means a Party or Non-Party that produces Disclosure or Discovery Material in this action.

10. "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

11. "Protected Material" means any Disclosure or Discovery Material that is designated as CONFIDENTIAL.

12. "Receiving Party" means a Party that receives Disclosure or Discovery Material from a Producing Party.

**D. DESIGNATING PROTECTED MATERIAL**

**1. Exercise of Restraint and Care in Designating Material for Protection**

A party may designate material other than identified Section B.1 as confidential. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

{01983984.DOC}7

**STIPULATED PROTECTIVE ORDER**

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

### 2. Manner and Timing of Designations

Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted. Alternatively, the Producing Party may designate an entire production or storage device (such as CD or flash drive) as confidential by including notice of such designation or including "CONFIDENTIAL" in the title of each designated file.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL". After the inspecting Party has

{01983984.DOC}8

identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend (i.e,, "CONFIDENTIAL" ) to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, or in a writing to all parties within 30 business days of receipt of the deposition or hearing transcript, all protected testimony and specify the level of protection being asserted. A Designating Party may specify, at the deposition or up to 30 days afterwards that the entire transcript shall be treated as "CONFIDENTIAL".

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL".

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been

designated CONFIDENTIAL in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

### 3. Inadvertent Failures to Designate

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## E. CHALLENGING CONFIDENTIALITY DESIGNATIONS

### 1. Timing of Challenges

Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

### 2. Meet and Confer

The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality

designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

### 3. Judicial Intervention

If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause under FRCP 26(c), including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Moving Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

///

///

///

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: March 18, 2019                LAW OFFICE OF PATRICK H. DWYER

                                     By: /s/Patrick H. Dwyer (authorized 03/18/2019)
                                        Patrick H. Dwyer
                                        Attorneys for Plaintiff
                                        CHRISTOPHER JOSHUA HOWIE

Dated: March 18, 2019                CAULFIELD LAW FIRM

                                     By /s/Andrew T. Caulfield (authorized 03/18/2019)
                                        Andrew T. Caulfield
                                        Attorney for Defendant
                                        JOHN HERRERA

Dated: March 18, 2019                RIVERA & ASSOCIATES

                                     By: /s/Jesse M. Rivera (authorized 03/18/2019)
                                        Jesse M. Rivera SBN
                                        Attorney for Defendant
                                        ADAM GRIZZELL

Dated: March 18, 2019                PORTER SCOTT

                                     By: /s/Carl L. Fessenden
                                        Carl L. Fessenden,
                                        Attorney for Defendants
                                        NEVADA COUNTY, NEVADA COUNTY
                                        SHERIFF'S DEPARTMENT

Dated: March 18, 2019                LAW OFFICES OF JEROME M. VARANINI

                                     By: /s/Jerome M. Varanini (authorized 03/18/2019)
                                        Jerome M. Varanini,
                                        Attorney for
                                        CORRECTIONAL MEDICAL GROUP,
                                        JORDAN DEAN, and LAURIE ADAMS

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

Dated: _March 19, 2019_____   _____   /s/ John A. Mendez_____
                                        United States District Court Judge

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ in the case of *Howie v. Nevada County, et al.*, Case No. 2:18-cv-03146- JAM-KJN. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:

City and State where sworn and signed: _____, California

Printed name: _____

Signature: _____

{01983984.DOC}13

**STIPULATED PROTECTIVE ORDER**